## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.:

NINA GARCIA,

     **Plaintiff,**                                      **COMPLAINT**

**v.**

**EXPERIAN INFORMATION
SOLUTIONS INC., EQUIFAX
INFORMATION SERVICES LLC,
TRANS UNION LLC, COMENITY
CAPITAL BANK,**

                                           **DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

### COMPLAINT

Plaintiff, Nina Garcia ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and Comenity Capital Bank ("Comenity") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dade County, Florida.

5.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

8.      Defendant Comenity is a corporation with a principal address at 2795 E Cottonwood Pkwy Ste 100 Salt Lake City, UT, 84121. Defendant Comenity is a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

9.      This action involves derogatory and inaccurate reporting of the fraudulent JPMorgan Chase Bank account opened in September 2015 (the "JPMCB Account") to the Credit Reporting Agencies, Defendants Experian, Equifax, and Trans Union.

10.     This action involves derogatory and inaccurate reporting of an alleged charge off by Comenity Capital Bank (the "Comenity Account") to Defendants Experian, Equifax, and Trans Union.

11.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish

credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

12.     Section 1681s-2(b) imposes a second category of duties on furnishers of information.

13.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

14.     Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

## Background

15.     Plaintiff discovered the fraudulent JPMCB Account reporting on her Experian, Equifax, and Trans Union credit reports.

16.     Plaintiff disputed the fraudulent JPMCB Account to Defendants Experian, Equifax, and Trans Union but the fraudulent account was not removed from Plaintiff's Experian, Equifax, and Trans Union credit reports.

17.     Plaintiff discovered a Comenity charge off reporting on her Experian, Equifax, and Trans Union credit reports.

18.     Plaintiff disputed the charged off Comenity Account to Defendants Experian, Equifax, and Trans Union but the charged off Comenity Account was not corrected on Plaintiff's Experian, Equifax, and Trans Union credit reports.

## Experian

19.     In or about February 2024, Plaintiff discovered the fraudulent JMPCB Account and the charged off Comenity Account on her Experian credit report.

20.     In or about March 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Experian requesting a removal of the fraudulent JMPCB Account and a correction of the charged off Comenity Account from Plaintiff's Experian credit report.

21.     On April 15, 2024, Defendant Experian updated Plaintiff's Experian credit report but did not remove the JMPCB Account or correct the Comenity Account.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

22.     Plaintiff's credit score has dropped as a result of Defendant Experian's inaccurate reporting of the JMPCB Account and the charged off Comenity Account.

23.     As of the filing of this complaint, Defendant Experian is still reporting the fraudulent JMPCB Account and the charged off Comenity Account inaccurately on Plaintiff's Experian credit report.

## Equifax

24.     In or about January 2024, Plaintiff discovered the fraudulent JMPCB Account and the charged off Comenity Account on her Equifax credit report.

25.      In or about February 29, 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Equifax requesting a removal of the fraudulent JMPCB Account and correction the charged off Comenity Account from Plaintiff's Equifax credit report.

26.     On a date better known by Defendant, Defendant completed its investigation of the disputed JMPCB Account and the Charged off Comenity Account but failed to remove the fraudulent JMPCB Account and failed to correct the charged off Comenity Account on the Plaintiff's Equifax credit report.

27.     Plaintiff's credit score has dropped as a result of Defendant Equifax's inaccurate reporting of the JMPCB Account and the charged off Comenity Account.

28.     As of the filing of this complaint, Defendant Equifax is still reporting the delinquencies and inaccurate payment history of the fraudulent JMPCB Account and the charged of on Plaintiff's Equifax credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**Trans Union**

29.     In or about January 2024, Plaintiff discovered the fraudulent JMPCB Account and the charged off Comenity Account on her Trans Union credit report.

30.     In or about January 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Trans Union requesting a removal of the fraudulent JMPCB Account and correction of the charged off Comenity Account from Plaintiff's Trans Union credit report.

31.     On February 22, 2024, Defendant Trans Union updated Plaintiff's credit report but did not remove the JMPCB Account.

32.     On February 22, 2024, Defendant Trans Union also verified the charged off Comenity Account as accurate on Plaintiff's Trans Union credit report and did not correct the charged off Comenity Account on Plaintiff's Trans Union credit report.

33.     Plaintiff's credit score has dropped as a result of Defendant Trans Union's inaccurate reporting of the JMPCB Account and the charged off Comenity Account.

34.     As of filing of this complaint, Defendant Trans Union was still reporting the fraudulently opened JMPCB Account on Plaintiff's Trans Union credit report.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

35.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-34 of this Complaint.

36.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the JMPCB Account and the charged off Comenity Account and continues to include the same information concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate and derogatory reporting of the fraudulent JMPCB Account and the charged off Comenity Account.

37.     In or around March 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Experian.

38.     On April 15, 2024, Defendant Experian updated Plaintiff's Experian credit report but did not remove the JMPCB Account or correct the Comenity Account.

39.     As of the filing of this complaint, the derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

40.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

41.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

42.     Despite Defendant Experian having received Plaintiff's dispute of the fraudulent JMPCB Account and the charged off Comenity Account, Defendant Experian continues to inaccurately report the JMPCB Account and the charged off Comenity Account as adverse accounts.

43.     Continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion is significant.

44.     By continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

45.     Credit scoring algorithms take Plaintiff's account status into consideration when

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

46.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

47.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

48.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to JMPCB and Comenity, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

49.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the information.

50.     Defendant Experian's reporting of inaccurate information about the fraudulent JMPCB Account and the charged off Comenity Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

51.     Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from JMPCB and Comenity despite being in possession of evidence that the information was inaccurate.

52.     Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

53.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

55.     Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

56.     Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

57.     Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

58.     The conduct, action, and inaction of Defendant Experian was willful, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

59.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

60.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

61.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

62.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

63.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-34 above of this Complaint.

64.     On at least one occasion within the past year, by example only and without

limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

65.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

66.     On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

67.     Additionally, Defendant Experian negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

68.     Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

69.     The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

70.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

72.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

73.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-34 of this Complaint.

74.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the fraudulent JMPCB Account and the charged off Comenity Account and continues to include the same information concerning inaccurate and derogatory reporting of the JMPCB Account and the charged off Comenity Account.

75.     In or about February 29, 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Equifax requesting a removal of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fraudulent JMPCB Account and correction of the charged off Comenity Account of Plaintiff's Equifax credit report.

76.     On a date better known by Defendant, Defendant completed its investigation of the disputed JMPCB Account and the charged off Comenity Account but failed to remove the fraudulent JMPCB Account and the charged off Comenity Account from the Plaintiff's Equifax credit report.

77.     As of the filing of this complaint, JMPCB's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

78.     Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

79.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

80.     Despite Defendant Equifax having received Plaintiff's dispute of the JMPCB Account and the charged off Comenity Account, Defendant Equifax continues to report the fraudulent JMPCB Account and the charged off Comenity Account as adverse.

81.     Continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion is significant.

82.     By continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

83.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

score to be generated.

84.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

85.     Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

86.     Defendant Equifax failed to conduct an independent investigation and, instead, deferred to JMPCB and Comenity, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

87.     Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

88.     Defendant Equifax's reporting of inaccurate information about the fraudulent JMPCB Account and the charged off Comenity Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

89.     Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from JMPCB and Comenity despite being in possession of evidence that the information was inaccurate.

90.     Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

91.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

92.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reports and credit files published and maintained concerning Plaintiff.

93.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

94.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

95.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

96.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

97.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

98.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

99.     As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

100.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

101.    Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-34 above of this Complaint.

102.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

103.    On at least one occasion within the past year, by example only and without

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

104. On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

105. Additionally, Defendant Equifax negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

106. Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

107. The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

108.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

109.    As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

110.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

111.    Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-34 of this Complaint.

112.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the fraudulent JMPCB Account and the charged off Comenity Account and continues to include the same information concerning inaccurate and derogatory reporting of the JMPCB Account.

113.    In or about January 2024, Plaintiff disputed the fraudulent JMPCB Account and the charged off Comenity Account with Defendant Trans Union requesting a removal of the fraudulent JMPCB Account and correction of the charged off Comenity Account from Plaintiff's Trans Union credit report.

114.    On February 22, 2024, Defendant Trans Union updated Plaintiff's credit report but did not remove the JMPCB Account.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

115.     On February 22, 2024, Defendant Trans Union also verified the charged off Comenity Account as accurate on Plaintiff's Trans Union credit report and did not correct the charged off Comenity Account on Plaintiff's Trans Union credit report.

116.     As of the filing of this complaint, JMPCB's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

117.     Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

118.     Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

119.     Despite Defendant Trans Union having received Plaintiff's dispute of the fraudulent JMPCB Account and the charged off Comenity Account, Defendant Trans Union continues to report the fraudulent JMPCB Account and the charged off Comenity Account as an adverse.

120.     Continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion is significant.

121.     By continuing to report the status of the fraudulent JMPCB Account and the charged off Comenity Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

122.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

123.     Defendant Trans Union failed to conduct a reasonable investigation and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reinvestigation.

124.    Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

125.    Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to JMPCB and Comenity, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

126.    Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

127.    Defendant Trans Union's reporting of inaccurate information about the fraudulent JMPCB Account and the charged off Comenity Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

128.    Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from JMPCB and Comenity despite being in possession of evidence that the information was inaccurate.

129.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

130.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

131.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit

reports and credit files published and maintained concerning Plaintiff.

132.   Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

133.   Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

134.   Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

135.   The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

136.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

137.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

138.   As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

139.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

140.   Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-34 above of this Complaint.

141.   On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

142.   On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

143.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

144.    Additionally, Defendant Trans Union negligently failed to report the Account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

145.    Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

146.    The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

147.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

148.    As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

149.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Comenity)

150.    Plaintiff incorporates the allegations regarding the Comenity Account and Defendant Comenity in paragraphs ¶¶ 1-34 of this Complaint.

151.    Plaintiff disputed the charged off Comenity Account with Defendants Experian, Equifax, and Trans Union.

152.    In response to the dispute, Experian, Equifax, and Trans Union promptly and properly gave notice to Defendant Comenity of the Dispute in accordance with the FCRA.

153.    In response to the dispute, Defendant failed to correct the Comenity Account with the Credit Reporting Agencies.

154.    As of the filing of this complaint, the Comenity Account has continued to be reported inaccurately by Defendant Comenity on Plaintiff's Experian, Equifax, and Trans Union credit reports.

155.    Defendant Comenity is a "furnisher of information" that regularly and in the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

156.     On a date better known by Defendant Comenity, Defendants Experian, Equifax, and Trans Union promptly and properly gave notice to Defendant Comenity of Plaintiff's Dispute in accordance with the FCRA.

157.     In response to the notices received from Defendants Experian, Equifax, and Trans Union regarding Plaintiff's Dispute, Defendant Comenity did not and otherwise failed to conduct a reasonable investigation into the Comenity Account which is the subject of the Dispute.

158.     In response to receiving notice from Defendants Experian, Equifax, and Trans Union regarding Plaintiff's dispute, Defendant Comenity failed to correct and/or delete information it knew to be inaccurate and/or which Defendant Trans Union could not otherwise verify.

159.     Instead of conducting a reasonable investigation, Defendant Comenity erroneously validated the Comenity Account and continued to report inaccurate information to Defendants Experian, Equifax, and Trans Union.

160.     On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

161.     On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendants Experian, Equifax, and Trans Union.

162.     On at least one occasion within the past year, by example only and without

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendants Experian, Equifax, and Trans Union about the inaccurate information.

163.    Upon information and belief, Defendant Comenity was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Dispute.

164.    Defendant Comenity's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Dispute.

165.    As a direct and proximate result of Defendant Comenity's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

166.    Defendant Comenity's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

167.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Comenity, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Comenity)

168.    Plaintiff incorporates the allegations regarding the Comenity Account and Defendant Comenity in ¶¶ 1-34 of this Complaint.

169.    On at least one occasion within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

170.    On one or more occasions within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant Trans Union.

171.    On one or more occasions within the past year, by example only and without limitation, Defendant Comenity violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

172.    When Defendant Comenity received notice of Plaintiff's dispute from Defendants Experian, Equifax, and Trans Union, Defendant Comenity could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

173.    Defendant Comenity would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Comenity had reviewed its own systems and previous communications with Plaintiff.

174.    Defendant Comenity's investigation was per se deficient by reason of these failures in Defendant Comenity's investigation of Plaintiff's dispute.

175.    As a direct and proximate result of Defendant Comenity's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

176.    Defendant Comenity's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

177.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Comenity awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: July 12, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com